**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Jessica Savage

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA SAVAGE, individually and as successor in interest to Decedent Peter Birmingham,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF CORONA; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. Unreasonable Search and Seizure – Excessive Force (via 42 U.S.C. § 1983 and via Cal. Civ. Proc. Code § 377.30);<br>2. Due Process – Interference with Familial Relationship (via 42 U.S.C. 42 § 1983);<br>3. Due Process – Deprivation of Life Without Due Process (Hedonic Damages Claim via 42 U.S.C. 42 § 1983 and via Cal. Civ. Proc. Code § 377.30); |

4.  Municipal Liability – (Ratification via 42 U.S.C. 42 § 1983 and via Cal. Civ. Proc. Code § 377.30);
5.  Municipal Liability – Inadequate Training (42 U.S.C. 42 § 1983 and via Cal. Civ. Proc. Code § 377.30);
6.  Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. 42 § 1983 and via Cal. Civ. Proc. Code § 377.30);
7.  Violation of Americans with Disabilities Act;
8.  Wrongful Death (under California State Law via Cal. Civ. Proc. Code § 377.60);
9.  Battery (under California State Law via Cal. Civ. Proc. Code § 377.30);
10. Violation of Cal. Civil Code § 52.1 (under California State Law via Cal. Civ. Proc. Code § 377.30);
11. Negligence (under California State Law via Cal. Civ. Proc. Code § 377.30).

**JURY TRIAL DEMANDED**

   **COME NOW** Plaintiff Jessica Savage and shows this Honorable Court the following:

COMPLAINT FOR DAMAGES

2

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*. 383 U.S. 715 (1966).

4.      Plaintiff timely filed her Government Claim for Damages with Defendant City of Corona and filed this lawsuit within six months of the rejection of her claim.

## GENERAL ALLEGATIONS

5.      Plaintiff Jessica Savage, hereinafter referred to as "SAVAGE" or "Plaintiff SAVAGE", is a natural person, who was the legal spouse of Decedent Peter Birmingham. SAVAGE sues in her individual capacity as the spouse and heir of Peter Birmingham, and also as successor in interest to Peter Birmingham

COMPLAINT FOR DAMAGES

3

pursuant to Cal. Civ. Proc. Code § 377.30. SAVAGE seeks both survival and wrongful death damages under federal[1] and state law.

6.    Peter Birmingham, hereinafter referred to as "BIRMINGHAM" or "DECEDENT BIRMINGHAM", died intestate on December 9, 2022, as a direct and proximate result of the conduct of the defendants complained of in this action, which took place on December 9, 2022.

7.  Defendant City of Corona, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this Honorable Court.

8.    Defendants DOES 1 through 6, inclusive, are deputy sheriffs and/or police officers and/or investigators and/or Special Officers, Supervisors (i.e. Corporals, Sergeants, Lieutenants, Captains)  and/or some other kind of California Peace Officer, and/or dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Corona Police Department or by some other law enforcement agency or other municipal / public entity, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action,

_____

[1] Including Hedonic Damages.

whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as deputy sheriffs and/or police officers and/or investigators and/or Special Officers, Supervisors (i.e. Corporals, Sergeants, Lieutenants, Captains) and/or some other kind of California Peace Officer, and/or dispatchers and/or some other public officer, public official or employee of defendant CITY[2] and/or otherwise employed by the Corona Police Department, or some other law enforcement agency / public entity, and were acting in the course of and within the scope of their employment with defendant CITY, or some other municipal / public entity.

10.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Corona Police Department and/or defendant CITY[3], or some other law enforcement agency

---

[2] or some other law enforcement agency and public entity.
[3] or some other law enforcement agency and public entity.

and/or municipality, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, and failure to discipline peace officers for using unreasonable / excessive and deadly force upon civilians, and approving such actions of subordinate peace officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Corona Police Department for, *inter alia*,: 1) using excessive force on persons, including deadly force; 2) fabricating evidence; and 3) covering up tortious conduct by Corona Police Department peace officers.

11.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy-making and/or final policy-making officials with the Corona Police Department[4].

---

[4] or some other law enforcement agency and public entity.

COMPLAINT FOR DAMAGES

6

and/or some other public official(s) with defendant CITY[5], and were acting in the course of and within the scope of their employment with defendant CITY[6].

12.    At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or police officers and/or Supervisory peace officers (as described herein, above and below), and/or policy-making peace officers / high ranking officials, with the Corona Police Department[7] and/or otherwise with defendant CITY[8].

13.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants when made known to plaintiff.

14.    In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the Plaintiff of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of above and below in this action.

-------------------

[5] or some other law enforcement agency and public entity.
[6] or some other law enforcement agency and public entity.
[7] or some other law enforcement agency and public entity.
[8] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

7

15.     Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**EXCESSIVE/UNREASONABLE USE OF FORCE UPON PERSON UNDER**
**THE FOURTH AMENDMENT TO THE**
**UNITED STATES CONSTITUTION**
**(Against DOES 1 through 6, inclusive)**

17.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16 inclusive, above, as if set forth in full herein.

18.     December 9, 2023, plaintiff's decedent BIRMINGHAM was experiencing a mental crisis at his home in Corona, California.

19.     Corona Police Department personnel, including DOES 1 through 6, inclusive, were dispatched to BIRMINGHAM's home to presumably check on his well-being.

20.     When DOES 1 through 6, inclusive, arrived at BIRMINGHAM's

home, BIRMINGHAM was alone in his backyard, carrying a pistol.

21.    BIRMINGHAM was showing obvious symptoms of suffering from mental illness.

22.    DOES 1 through 6, inclusive, were positioned at a safe location on BIRMINGHAM's side yard.

23.    A Corona Police Department drone then began hovering over BIRMINGHAM and was presumably video recording him.

24.    The presence of the drone was obviously exacerbating BIRMINGHAN's mental illness / mental crisis.

25.    BIRMINGHAM then pointed his gun at the drone. Immediately after pointing his gun at the drone, BIRMINGHAM was shot and killed by DOES 1 through 6, inclusive.

26.    BIRMINGHAM was not pointing his gun at anyone, nor was it reasonable for DOES 1 through 6, inclusive, to believe that BIRMINGHAM was pointing his gun at anyone.

27.    At the time DOES 1 through 6, inclusive shot BIRMINGHAM, DOES 1 through 6, inclusive was/were not in imminent danger of death or great bodily injury, nor was anyone else in imminent danger of death or great bodily injury.

28.    The actions of Defendants DOES 1 through 6, inclusive, as complained above herein, constituted a violation of BIRMINGHAM's rights under the Fourth Amendment to the United States Constitution to be free from the use of

unlawful, unreasonable and excessive force upon his person.

29.    Plaintiff brings this claim as the successor-in-interest to

BIRMINGHAM, and seek survival damages pursuant to Cal. Civ. Proc. Code §

377.30, including physical and mental pre-death pain and suffering,

BIRMINGHAM's loss of life, and loss of enjoyment of life, and wrongful death

damages for the violation of BIRMINGHAM's rights. BIRMINGHAM incurred

other special and general damages and expenses in an amount to be proven at trial

which is in excess of $10,000,000.00 for each plaintiff.

30.    The actions by said defendants were committed maliciously,

oppressively and in reckless disregard of BIRMINGHAM's constitutional rights,

sufficient for an award of punitive/exemplary damages against all defendants and

each of them, save for defendant CITY, in an amount to be proven at trial which is

in excess of $5,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**LOSS OF FAMILIAL RELATIONSHIP WITHOUT DUE PROCESS OF**
**THE LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED**
**STATES CONSTITUTION**
**(Against Defendants DOES 1 through 6, inclusive)**

31.    Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 30, inclusive, above, as if set forth in full herein.

32.    The unlawful killing of plaintiff's deceased, BIRMINGHAM, by

DOES 1 through 6, inclusive described above, deprived plaintiff of her Familial

Relationship with their husband, guaranteed to her under the Fourteenth Amendment to the United States Constitution

33.    The use of unreasonable deadly force upon BIRMINGHAM that resulted in the unlawful killing of him by DOES 1 through 6, inclusive was done intentionally, was done in a manner that constituted the use of unreasonable force in a manner that constituted deliberate indifference to and a reckless disregard of BIRMINGHAM's life, and to plaintiff's Familial Relationships with him, and constituted outrageous behavior that is shocking to the conscience.

34.    DOES 1 through 6, inclusive killing of BIRMINGHAM was essentially a summary execution of BIRMINGHAM.

35.    The unlawful killing of BIRMINGHAM, by DOES 1 through 6, inclusive, above-referenced, also caused plaintiff to suffer the loss of BIRMINGHAM's society, solace, comfort and companionship, as well as caused them to suffer great mental, emotional and distress, pain and suffering, in an amount to be shown at trial in excess of $10,000,000.

36.    The unlawful killing of BIRMINGHAM by DOES 1 through 6, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive damages against said defendants (save CITY); all in an amount to be shown at trial, in excess of $5,000,000.

COMPLAINT FOR DAMAGES

11

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**DEPRIVATION OF LIFE WITHOUT DUE PROCESS OF LAW[9] UNDER**
**THE FOURTH AND FOURTEENTH AMENDMENTS TO THE**
**UNITED STATES CONSTITUTION[10]**
**(Against DOES 1 through 6, inclusive)**

37.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 inclusive, above, as if set forth in full herein.

38.    As shown above, BIRMINGHAM was the victim of excessive force and was unlawfully and unjustifiably shot to death, with malice, by DOES 1 through 6, inclusive.

39.    The unlawful killing of BIRMINGHAM was done without due process of the laws of the United States of America and the State of California, in violation of BIRMINGHAM's rights under the Fourteenth Amendment to the United States Constitution; of Birmingham's right not to be deprived of his life without due process of law.

40.    The actions of Defendants DOES 1 through 6, inclusive, as complained above herein, also constituted a violation of BIRMINGHAM's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful, unreasonable and excessive force upon his person; deadly force

_____

[9] Hedonic Damages claim, also pursuant to Cal. Civ. Proc. Code § 377.30.
[10] And as otherwise provided for under the United States Constitution as those other rights retained by the People (U.S. Const. Amend. 9)

that resulted in BIRMINGHAM's death.

41.    Plaintiff brings this claim as successors-in-interest to BIRMINGHAM, and seek hedonic damages, including physical and mental pre-death pain and suffering, the loss of BIRMINGHAM's life, BIRMINGHAM's loss of the enjoyment of BIRMINGHAM's life and of his relationships with his family, with his friends, with his lovers, and otherwise of life's pleasures that BIRMINGHAM would have enjoyed had he not been killed by DOES 1 through 6, inclusive. BIRMINGHAM also incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $10,000,000.00.

42.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BIRMINGHAM's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save for defendant CITY, in an amount to be proven at trial which is in excess of $5,000,000.00.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

13

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983)
### Municipal Liability —Ratification (*Monell Liability*[11])
### (Against Defendants CITY and DOES 7-10)

43. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

44. Defendants DOES 1 through 6, inclusive, acted under the color of law.

45. The acts of Defendants DOES 1 through 6, inclusive, deprived BIRMINGHAM and Plaintiff of their particular rights under the United States Constitution, as alleged above and below.

46. Upon information and belief, a final policymaker, acting under the color of law, who had final policymaking authority concerning the acts of defendants DOES 1 through 6, inclusive, ratified the individual officers' acts and the bases for them.

47. Upon information and belief, the final policymaker knew of and specifically approved of Defendants DOES 1 through 6, inclusive, conduct during the December 9, 2022 incident complained of in this case.

---

[11] Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978).

48. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOES 1 through 6, inclusive, were "within policy."

49. Upon information and belief, a final policymaker with the Corona Police Department / City of Corona and the Chief and his/her Assistant Chiefs, have ratified the use of excessive deadly force by their officers, including finding that use of deadly force acceptable when judges and juries have found the force used by their deputy sheriffs to be excessive.

50. By reason of the aforementioned acts and omissions, Plaintiff has suffered the loss of the love, companionship, comfort, care, society, training, guidance, and past and future support of BIRMINGHAM. The aforementioned acts and omissions also caused BIRMINGHAM's pain and suffering, loss of enjoyment of life, and death.

51. Accordingly, Defendants CITY and DOES 7 through 10, inclusive, are liable to the plaintiffs for compensatory damages under 42 U.S.C. § 1983.

52. Plaintiff also brings this claim as successor-in-interest to BIRMINGHAM, and seek survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of BIRMINGHAM's rights; for all of those claims that were that of THIEN's personally under 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES

53.     Plaintiff brings this claim as successor-in-interest to BIRMINGHAM, and seek survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of BIRMINGHAM's rights. BIRMINGHAM incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $10,000,000.00.

**FIFTH CLAIM CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**Municipal Liability —Failure to Train**
**(Against Defendants CITY and DOES 7-10)**

54. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55. Defendants DOES 1 through 6, inclusive, acted under the color of law.

56. The acts of Defendants DOES 1 through 6, inclusive, deprived BIRMINGHAM and plaintiff of their particular rights under the United States Constitution, as alleged above.

57. The training policies of CITY were not adequate to train its peace officers to handle the usual and recurring situations with which they must deal.

58. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately; to wit; the failure to properly train its peace officers that they cannot use deadly force on civilians when

they do not pose an imminent threat of death or serious bodily to the officers or to another.

59. The failure of CITY to provide adequate training caused the deprivation of BIRMINGHAM's and Plaintiff's rights by DOES 1 through 6, inclusive. That is, the defendants' failure to train is so closely related to the deprivation of BIRMINGHAM's and Plaintiff's rights as to be the moving force that caused the ultimate injury; the shooting of BIRMINGHAM's death.

60. By reason of the aforementioned acts and omissions, plaintiff and BIRMINGHAM have suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also cause BIRMINGHAM's pain and suffering, loss of enjoyment of life and death.

61. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

62. Plaintiff brings this claim as successor-in-interest to BIRMINGHAM, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of BIRMINGHAM's rights. BIRMINGHAM incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $10,000,000.00.

COMPLAINT FOR DAMAGES

17

## SIXTH CLAIM CAUSE OF ACTION
### (42 U.S.C. § 1983)
### Municipal Liability —Unconstitutional Custom, Practice and/or Policy
### (Against Defendants CITY and DOES 7-10)

63. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64. Defendants DOES 1 through 6, inclusive, acted under the color of law.

65. The acts of Defendants DOES 1 through 6, inclusive, deprived BIRMINGHAM and Plaintiff of their particular rights under the United States Constitution.

66. Defendants DOES 1 through 6, inclusive, acted pursuant to an expressly adopted official policy or a longstanding practice or custom of CITY, to wit; to use excessive force, including deadly force, in situations that the use of use excessive force, including deadly force are unreasonable, excessive and unconstitutional.

67. On information and belief, Defendants DOES 1 through 6, inclusive, were not disciplined, reprimanded, suspended or otherwise penalized in connection with BIRMINGHAM's death., and was found to be within the policies for the use of force of the Corona Police Department.

68. Defendant CITY together with other CITY policymakers and supervisors, maintained, *inter alia*, the following unconstitutional customs, practices and policies:

(a)  Using excessive force, including excessive deadly force;

COMPLAINT FOR DAMAGES
18

(b)  Providing inadequate training regarding the use of deadly force;

(c)  Employing and retaining as peace officers individuals such as DOES 1 through 6, inclusive, who defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force and unlawfully seizing persons;

(d)  Inadequately supervising, training, controlling, assigning, and disciplining CITY peace officers, and other personnel, including DOES 1 through 6, inclusive, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)  Failing to adequately discipline CITY peace officers, including defendants DOES 1 through 6, inclusive, for the above-referenced categories of misconduct, including "slaps on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(f)  Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(g)  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(h)  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which peace officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

COMPLAINT FOR DAMAGES

(i)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecutions who participate in shootings.

69. By reason of the aforementioned acts and omissions, Plaintiff and BIRMINGHAM suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also caused BIRMINGHAM's pain and suffering, loss of enjoyment of life, and death.

70.    Defendant CITY, together with various other CITY officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, BIRMINGHAM and other individuals similarly situated.

71.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, CITY acted with intentional, reckless, and callous disregard for the life of BIRMINGHAM, and for BIRMINGHAM's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by defendants CITY and DOES 7

COMPLAINT FOR DAMAGES

through 10, inclusive, were affirmatively linked to and were a significantly influential force behind the injuries of BIRMINGHAM and plaintiff.

72.   Accordingly, defendants CITY and DOES 7 through 10, inclusive, are liable to plaintiffs for compensatory damages under 42 U.S.C. § 1983.

73.   Plaintiff brings this claim as successor-in-interest to BIRMINGHAM, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of BIRMINGHAM's rights. BIRMINGHAM incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $10,000,000.00.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of 42 U.S.C. § 12101, et seq. Americans With Disabilities Act**
**[Survivorship Claim Pursuant to Cal. Civ. Proc. Code § 377.30]**
**(By Against all Defendants)**

74.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 73, inclusive, above, as if set forth in full herein.

75.   Congress enacted the Americans With Disabilities Act ("ADA") upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101(a) (2).

76.   In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for

COMPLAINT FOR DAMAGES

21

the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b) (1)-(2).

77.   Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

78.   Pursuant to Title II public entities are required to provide meaningful access to their programs, services and activities. Among the requirements to provide meaningful access, public entities must modify their policies and procedures when necessary to accommodate disability related needs, also known as "reasonable accommodation." 28 C.F.R. § 35.130(b)(7). Public entities cannot provide programs, services or benefits to a person with a disability that are not equal to those provided to others or deny a person with a disability the opportunity to participate in programs, services or activities. 28 C.F.R. § 35.130(b)(1)(iii). Moreover, public entities are required to administer their programs, services and activities in the most integrated setting appropriate. Id. at § 35.130(d).

79.   At all times relevant to this action, the City of Corona / Corona Police Department is a "public entity" within the meaning of Title II of the ADA and provides a program, service or activity to the general public.

COMPLAINT FOR DAMAGES

22

80.    At all times relevant, including at the time of each alleged violation of the ADA, BIRMINGHAM was a qualified individual with a disability within the meaning of the ADA in that he was diagnosed with various mental illnesses.

81.    Title II of the ADA prohibits discrimination against a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

82.    At all times relevant herein, BIRMINGHAM was a qualified person with a disability or was regarded as having a disability and Defendants knew of his disability, based upon his behavior by BIRMINGHAM and statements by others.

83.    At all times relevant, including at the time of each alleged violation of the ADA, the City of Corona / Corona Police Department provided services, programs and activities and was obligated to provide BIRMINGHAM with the reasonable accommodations that he needed in order to enjoy meaningful access to the benefits of a public services.

84.    Defendants acted in violation of Title II of the Americans with Disabilities Act not only through failing to provide reasonable accommodations and supports for BURMINGHAM, but by punishing BURMINGHAM, including physically, for the City of Corona's / Corona Police Departments' failure to accommodate his disability. This physical punishment constituted, among other things, the excessive and unlawful force inflicted upon BIRMINGHAM.

85.    Accordingly, Defendants have violated Title II of the Americans with Disabilities Act, and Plaintiff thereon alleges that Defendants committed the acts and omissions alleged herein with intent and/or deliberate indifference to BURMINGHAM's rights.

86.    The unlawful killing of BURMINGHAM by DOES 1 through 6, inclusive, above-referenced, also caused plaintiff to suffer the loss of BURMINGHAM's love, society, solace and comfort, companionship, as well as caused him to suffer great mental, emotional and distress, pain and suffering, all in an amount to be shown at trial in excess of $10,000,000.

87.    The unlawful killing of BURMINGHAM by DOES 1 through 6, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive damages against said defendants (save CITY); all in an amount to be shown at trial, in excess of $5,000,000.

## EIGHTH CAUSE OF ACTION
### WRONGFUL DEATH
### Under California State Law – Cal. Civ. Proc. Code § 377.60
### (Against CITY and DOES 1 through 6, inclusive)

88.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 87, inclusive, above, as if set forth in full herein.

89.    Defendants DOES 1 through 6, inclusive, while working as peace officers for defendant CITY, and while acting in the course of and with the scope

of their employment, intentionally shot and killed BIRMINGHAM and used unreasonable and excessive deadly force against him when doing so.

90. No reasonably well-trained peace officer / police officer would have believed, that in and under the circumstances in which Defendants DOES 1 through 6, inclusive, engaged and encountered BIRMINGHAM that BIRMINGHAM posed a threat of imminent serious injury or death to any of the defendant peace officers, or to anyone else.

91. Notwithstanding the obvious unreasonableness of shooting BIRMINGHAM, and notwithstanding Defendants DOES 1 through 6, inclusive, having no reason to believe that BIRMINGHAM posed a threat of imminent serious injury or death to any of the defendant peace officers, or to anyone else, DOES 1 through 6, inclusive proceeded to shoot BIRMINGHAM to death.

92. As a result of the actions of DOES 1 through 6, inclusive, BIRMINGHAM suffered severe physical, mental and emotional pain and suffering, loss of enjoyment of life, and ultimately his death.

93. At an absolute minimum, DOES 1 through 6, inclusive's shooting of BIRMINGHAM constituted negligence and gross negligence, as they owed BIRMINGHAM and his heirs a duty of due care in seizing and arresting him, in violation of Cal. Civil Code § 1714, and otherwise in violation of Cal. Civil Proc. Code § 377.60.

94.    Alternatively, DOES 1 through 6, inclusive's shooting of BIRMINGHAM constituted the intentional and knowingly wrongful, unlawful, unconstitutional[12], unjustified, and malicious shooting and killing of BIRMINGHAM; in violation of Cal. Civil Proc. Code § 377.60.

95.    As a direct and proximate result of the conduct of DOES 1 through 6, inclusive, as alleged above, BIRMINGHAM sustained injuries and died from his injuries.

96.    As a direct and proximate result of the conduct of DOES 1 through 6, inclusive as alleged above,

97.    Defendants DOES 1 through 6, inclusive, are liable to plaintiff for the Wrongful Death of BIRMINGHAM pursuant to Cal. Civil Code § 1714, Cal. Civil Proc. Code § 377.60 and Cal. Gov't Code §§ 815.2 and 820.

98.    In addition, CITY is vicariously liable to plaintiffs for the wrongful acts of DOES 1 through 6, inclusive, pursuant to Cal. Civil Code § 1714, Cal. Civil Proc. Code § 377.60 and Cal. Gov't Code §§ 815.2 and 820.

99.    Also as a direct and proximate result of defendants' conduct as alleged above, plaintiffs suffered the loss of their parent – child relationship, and the life-long love, companionship, comfort, support, society, care and sustenance

---

[12] Under both the California Constitution and the United States Constitution.

of BIRMINGHAM, and will continue to be so deprived for the remainder of her natural life.

100.   In addition, to the extent that the actions of Defendants DOES 1 through 6, inclusive, intentional and knowingly wrongful, unlawful, unconstitutional[13], unjustified, and malicious and oppressive, plaintiffs are entitled to an award of punitive damages against defendants, save Defendant CITY, in the amount of $10,000,000.00.

## NINTH CAUSE OF ACTION
### BATTERY
### Under California State Law
### (Against CITY and DOES 1 through 6, inclusive

101.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 100, inclusive, above, as if set forth in full herein.

102.   The actions committed by Defendants DOES 1 through 6, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon BIRMINGHAM, and constituted a battery of him by defendants DOES 1 through 6, inclusive under California state law.

103.   Defendants CITY and DOES 1 through 10, and each of them, are liable to the plaintiff for said battery of BIRMINGHAM, pursuant to Cal. Government Code §§ 815.2(a), 820 and otherwise pursuant to the common law.

---

[13] Under both the California Constitution and the United States Constitution.

COMPLAINT FOR DAMAGES

104.   As a direct and proximate result of the actions of defendants DOES 1 through 6, inclusive, BIRMINGHAM was: 1) substantially physically, mentally and emotionally injured and shot to death, 2) incurred general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $10,000,000.00.

105.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff BIRMINGHAM's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $5,000,000.00.

**TENTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against CITY and DOES 1 through 6, inclusive)**

106.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 105, inclusive, above, as if set forth in full herein.

107.   On information and belief, Defendants DOES 1 through 6, inclusive while working for the CITY and acting within the course and scope of their duties, intentionally committed acts of unreasonable and excessive force and violence against BIRMINGHAM; excessive force that would also be violative of that force proscribed by the Fourth Amendment to the United States Constitution, by

COMPLAINT FOR DAMAGES

28

shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence.

108.   Defendants DOES 1 through 6, inclusive, interfered with BIRMINGHAM's civil rights to be free from unreasonable searches and seizures to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

109.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage BIRMINGHAM from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

110.   On information and belief, BIRMINGHAM reasonably believed and understood that the violent acts committed by Defendants DOES 1 through 6, inclusive were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent him from exercising such rights.

111.   Plaintiff bring this claim as successor-in-interest to BIRMINGHAM, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of BIRMINGHAM's rights. BIRMINGHAM incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $10,000,000.00.

COMPLAINT FOR DAMAGES

112.   The actions by said defendants were committed maliciously, oppressively and in reckless disregard of BIRMINGHAM's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $5,000,000.00.

113.   In addition, as a result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages against said defendants, and each of them.

## ELEVENTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (Against CITY and DOES 1 through 6, inclusive)

114.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 113, inclusive, above, as if set forth in full herein.

115.   Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

COMPLAINT FOR DAMAGES

116.     Defendants breached this duty of care; a duty of care codified as

Cal. Civil Code § 1714. Upon information and belief, the actions and inactions of

defendants were negligent and reckless, including but not limited to:

> (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against BIRMINGHAM;
> (b) the negligent tactics and handling of the situation with BIRMINGHAM, including pre-shooting negligence;
> (c) the negligent detention, arrest, and use of force, including deadly force, against BIRMINGHAM;
> (e) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1 through 6, inclusive;
> (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of BIRMINGHAM;
> (g) the negligent handling of evidence and witnesses; and
> (h) the negligent communication of information during the incident.

117. As a direct and proximate result of defendants' conduct as alleged

above, and other undiscovered negligent conduct, BIRMINGHAM was caused to

suffer severe pain and suffering and ultimately died. Also as a direct and proximate

result of the defendants' conduct as alleged above, BIRMINGHAM suffered

severe physically injury emotional distress and mental anguish, as well as

ultimately BIRMINGHAM's death.

118. CITY is vicariously liable for the wrongful acts of Defendants DOES 1

through 6, inclusive, pursuant to Cal. Gov't Code §§ 815.2(a) and 820, and Cal.

Civil Code § 1714.

119. BIRMINGHAM incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $10,000,000.00.

**WHEREFORE**, plaintiffs prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $10,000,000.00;

b) Treble damages;

c) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $5,000,000.00;

d) For an award of reasonable attorney's fees and costs;

e) For a trial by jury; and

f) For such other and further relief as this honorable court deems just and equitable.

_____/s/_ Gregory Peacock_____
GREGORY PEACOCK, ATTORNEY FOR PLAINTIFF

_____/s/_ Jerry L. Steering_____
JERRY L. STEERING, ATTORNEY FOR PLAINTIFF